UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 06-CR-0266-02 CRB (SK) |
| Plaintiff, | ORDER OF DETENTION |
| v. | |
| JASON ROBERT PETERSON, | |
| Defendant. | |

This case involves a Form 12 Petition filed by the U.S. Probation Office charging defendant Jason Robert Peterson with violating the mandatory condition of his supervised release that he shall not commit another federal, state, or local offense. On May 23, 2019, the Court conducted a detention hearing. The Court has carefully considered the proffers of the government and the defendant's counsel, along with the information provided by the U.S. Probation Officer. The Court finds that the defendant has not satisfied his burden of establishing by clear and convincing evidence that he will not pose a danger to any other person or to the community if he is released. Therefore, the Court orders that the defendant be detained.

## I. <u>LEGAL STANDARD</u>

Federal Rule of Criminal Procedure 32.1 governs the process for revoking or modifying a federal

defendant's supervised release. In a proceeding involving a charge that the defendant violated a mandatory condition of his supervised release, a "magistrate judge may release or detain the [defendant] under 18 U.S.C. § 3143(a)(1) pending further proceedings." Fed. R. Crim. P. 32.1(a)(6). "The burden of establishing by clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community rests with the [defendant]." Fed. R. Crim. P. 32.1(a)(6).

## II. PROCEDURAL FACTS

On November 21, 2017, Defendant Jason Peterson was charged in a Form 12 Petition filed by the U.S. Probation Office with violating the mandatory condition of his supervised release that he shall not commit another federal, state, or local offense. ECF No. 573. On May 17, 2019, the parties appeared before the Court for the defendant's initial appearance on the petition. The Court advised the defendant of the alleged violation of supervised release and appointed Assistant Federal Public Defender Jodi Linker to represent the defendant. The government moved for detention and argued that the defendant could not satisfy his burden of establishing by clear and convincing evidence that the defendant would not pose a danger to any other person or to the community if released. The U.S. Probation Officer also recommended detention. The defendant moved for release.

After carefully considering the proffers of the government and the defendant's counsel, along with the information provided by the U.S. Probation Officer, the Court ordered the defendant detained because the defendant had not satisfied his burden of establishing by clear and convincing evidence that he would not pose a danger to any other person or to the community if released. The Court's detention order was without prejudice. ECF No. 579.

Later the same morning, the defendant, his counsel, the government, and U.S. Probation appeared before the U.S. District Court for a status conference regarding supervised release. ECF No. 578. The District Court's minutes reflect that the defendant moved for bail and that the District Court directed counsel to place the matter on the Magistrate Judge's calendar for a determination of detention. *Id.*

On May 23, 2019, the Court held a detention hearing. The government and the U.S. Probation Officer recommended that the defendant be detained. During the detention hearing, defense counsel sought defendant's release to the custody of his mother and offered to provide a surety to support his

1   release. Defense counsel furthered proffered that the defendant did not pose a threat to his former
2   girlfriend, the victim of defendant's previous stalking.
3       The government argued that the defendant could not satisfy his burden of establishing by clear
4   and convincing evidence that he would not pose a danger to any other person or to the community if
5   released. The government's proffer to the Court included that the defendant had stalked his girlfriend
6   while incarcerated in BOP custody. The government highlighted the egregious and threatening nature of
7   the defendant's communications to his girlfriend and proffered that the defendant had been convicted of
8   stalking his girlfriend based on his conduct while in BOP custody, in violation of California Penal Code
9   § 646.9. The government also proffered that the victim had testified at the defendant's stalking trial and
10  that the defendant had attempted to communicate to his associates in the Hell's Angels Motorcycle Club
11  that his girlfriend had testified against him. The government also proffered that, on November 20, 2017,
12  only two or three weeks after his release from prison and while he was on federal supervised release,
13  and after meeting with his assigned U.S. Probation Officer, the defendant again stalked his former
14  girlfriend by traveling both to her home and to her workplace in violation of restrictions prohibiting him
15  from doing so. In connection with his conduct on November 20, 2017, the defendant sustained a second
16  stalking conviction under California Penal Code § 646.9. Finally, the government proffered that the
17  defendant's past membership in the Hell's Angels and his violent background provided additional
18  evidence that the defendant could not meet his burden of establishing by clear and convincing evidence
19  that he would not pose a danger to any other person or to the community if released.

20  **III.    ANALYSIS**

21      After hearing from both parties and considering the recommendation of the U.S. Probation
22  Officer, as well as the defendant's past conduct and criminal record and the offense conduct alleged in
23  the U.S. Probation Office's Form 12 Petition, the Court finds that the defendant cannot meet his burden
24  of establishing by clear and convincing evidence that he would not pose a danger to any other person or
25  to the community if released.

26  **IV.     CONCLUSION**

27      For the reasons set forth herein, as well as those stated on the record on May 23, 2019, the Court
28  hereby finds that the defendant has failed to meet his burden of establishing by clear and convincing

1  evidence that he would not pose a danger to any other person or to the community if released.

2  Therefore, the Court ORDERS that the defendant be detained and remanded to the custody of the U.S.

3  Marshal pending further proceedings in this matter.

4      IT IS SO ORDERED.

5  DATED: May 24, 2019

*/s/ Sallie Kim*

HON. SALLIE KIM
United States Magistrate Judge